UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-14228-Moore/McCabe

GENNARO MARITATO,

    Plaintiff,

v.

PTI,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON APPLICATION TO PROCEED *IN FORMA PAUPERIS* (DE 3)

THIS CAUSE came before the Court upon Plaintiff's *pro se* Application to Proceed *In Forma Pauperis* ("Application") (DE 3), which was referred to the undersigned by United States District Judge K. Michael Moore (DE 6). For the reasons set forth below, the undersigned **RECOMMENDS** that the Application be **GRANTED**. The undersigned also **RECOMMENDS** that Plaintiff's Complaint (DE 1) be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.**    **BACKGROUND**

This is a patent infringement case. (DE 1-1 at 1). The Complaint alleges that Defendant, PTI, manufactures a ski board product that resembles a design patent owned by Plaintiff. (DE 1 at 4). No further information can be gleaned from Plaintiff's Complaint.

**II.      DISCUSSION**

    **A.      Indigency**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without prepayment of costs, fees, or security. Courts enjoy broad discretion over such applications to proceed *in forma pauperis*. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). In determining whether to grant relief, a court must first examine "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Circ.*, 574 F. App'x 916, 917 (11th Cir. 2014). After a review of Plaintiff's assets and liabilities, as set forth in the Application, the Court finds Plaintiff meets the necessary financial standard to proceed *in forma pauperis*.

    **B.      Initial Screening**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must next conduct an initial screening of the merits of Plaintiff's Complaint.

        **1.      Standard**

Under the screening standard, the Court must dismiss any case that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). The standard for failure to state a claim mirrors the standard set forth in Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To survive dismissal, therefore, a complaint must provide "more than labels and conclusions," and must instead allege facts sufficient to "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As a general rule, courts also hold *pro se* pleadings to a "less stringent standard than pleadings drafted by attorneys." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Courts have no obligation, however, to "re-write" a *pro se* complaint in order to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### 2. Plaintiff's Complaint

Plaintiff's entire Complaint consists of one sentence: "I have a design patent on a ski board that resembles a product manufactured by Defendant." (DE 1 at 4). While the Court appreciates Plaintiff's brevity, the Complaint does not set forth sufficient facts to state any plausible legal cause of action. The Complaint leaves the following basic questions unanswered:

When did Plaintiff obtain the design patent?

What is the design patent number?

Why does Plaintiff belief Defendant's product resembles the design patent?

When, where, and how is Defendant selling the product?

The Court finds that, after reviewing the *pro se* Complaint with proper leniency, that the Complaint fails to state any conceivable cause of action and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). If Plaintiff chooses to file an Amended Complaint, Plaintiff must answer the above questions at a minimum. Also, Plaintiff must give greater detail as to the name of the Defendant. Do the initials "PTI" stand for something? Is there an "Inc." or an "LLC" in the name of the company? As currently alleged, the Complaint does not adequately identify the exact entity Plaintiff seeks to sue.

### III. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

Accordingly, this Court **RECOMMENDS** that Plaintiff's Applications to Proceed *In Forma Pauperis* (DE 3) be **GRANTED**. Further, the Court **RECOMMENDS** that, pursuant to

28 U.S.C. § 1915(e)(2)(B), the Complaint be **DISMISSED** without prejudice and that the District Court allow Plaintiff leave to file an Amended Complaint, on whatever timeline the District Court deems appropriate, to attempt to cure the deficiencies identified here.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 12th day of August 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

cc:   counsel of record; Plaintiff, *pro se*.